UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CASE NO. 3:23-CV-344-FDW

**Shannon Ashford**

Plaintiff,

vs.

**Wells Fargo Bank, N.A.**

Defendant(s).

COMPLAINT

FILED
CHARLOTTE, NC

JUN 0 9 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

### A. JURISDICTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e(5). Equitable and other relief are also sought under 42 U.S.C. 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. Sections 1331, 1343 and 42 U.S.C. Sections 1981 et seq. Where employment discrimination based upon age is alleged, jurisdiction is conferred by 29 U.S.C. Sections 626(c)(1) and 626(e) and appropriate relief is also sought.

## B. PARTIES

1. Name of Plaintiff: Shannon Ashford
   Address: 22 New Holland Circle
   Columbia, SC 29203

2. Name of first Defendant: Wells Fargo Bank, N.A.
   Address: 101 N. Phillips Avenue
   Sioux Falls, SD 57104

3. Name of second Defendant: _____
   Address: _____

4. Name of third Defendant: _____
   Address: _____

(Use additional sheets if necessary.)

## C. NATURE OF CASE

1. The address at which I sought employment or was employed by the defendant(s) is:

   **See attached sheets.**

2. The discriminatory acts occurred on or about:
   **See attached sheets**. _____ (Month, Day, Year)

3. I filed charges with the Equal Employment Opportunity Commission regarding the defendant's discriminatory conduct on or about:

   **See attached sheets.**
   _____(Month, Day, Year)

4. The Equal Employment Opportunity Commission sent the attached "Notice of Right to Sue" which I received on:

   **See attached sheets**
   _____(Month, Day, Year)

5. The discriminatory acts that are the basis of this suit are:
   a. _____ Failure to employ me.
   b. __X__ Failure to promote me.
   c. __X__ Termination of my employment.
   d. __X__ Demotion.
   e. __X__ Denied equal pay/work.
   f. _____ Sexual harassment.
   g. __X__ General harassment.
   h. __X__ Other acts (Be specific: Attach an additional sheet if necessary)

   **Retaliation, as "Other Acts". Please see attached sheet for details of discriminatory acts and defendant's conduct.**
   _____
   _____
   _____

6. Defendant's conduct is discriminatory with respect to:
   a. __X__ my race
   b. __X__ my color
   c. _____ my sex
   d. _____ my religion
   e. _____ my national origin
   f. _____ my age

7. I believe that the defendant is still committing these acts against me.
   YES __X__        NO _____

## D. CAUSE OF ACTION

1. I allege that the defendant has discriminated against me and that the following facts from the basis for my allegations:

   Count 1: **See attached sheets**

   Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly in your own words without citing any legal authority. Use additional sheets if necessary.)

   Count 2: **See attached sheets**

   Supporting Facts:

## E. INJURY

How have you been injured by the actions of the defendant(s)?
**See attached sheets**

## F. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

Have you filed other lawsuits in state or federal court that deal with the same facts that are involved in this action?  YES _____   NO __X__

If your answer is "YES", describe each lawsuit. (If there are more than one lawsuits, describe additional lawsuits on additional separate pages, using the same outline.)

1. Parties to previous lawsuits:

Plaintiff(s):_____

Defendant(s):_____

2. Name of court and case or docket number:_____

_____

3. Disposition (for example, was the case dismissed? Was it appealed? Is it still pending?)

_____

_____

4. Issues raised:

_____

_____

_____

5. When did you file the lawsuit? _____(Date: Month/Year)

6. When was it (will it be) decided? _____

Have you previously sought informal or form relief from the appropriate administrative officials regarding the acts complained of in Part D?

              YES __X__      NO _____

If your answer is "YES" briefly describe how relief was sought and the results. If your answer is "NO" explain why administrative relief was not sought.

**See attached sheets**

## G. REQUEST FOR RELIEF

I believe I am entitled to the following relief:

**See attached sheets**

## JURY TRIAL REQUESTED

YES **X**       NO _____

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Executed at _US FEDERAL DISTRICT COURT Charlotte, NC_ on _06/09/2023_.
(Location)                                        (Date)

_____
Signature

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CASE NO. 3:23-CV-344-FDW

__Shannon Ashford__

Plaintiff,

vs.                                    COMPLAINT

__Wells Fargo Bank, N.A.__

Defendant(s).

A. JURISDICTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. Section 2000e(5). Equitable and other relief are also sought under 42 U.S.C. 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. Sections 1331, 1343 and 42 U.S.C. Sections 1981 et seq. Where employment discrimination based upon age is alleged, jurisdiction is conferred by 29 U.S.C. Sections 626(c)(1) and 626(e) and appropriate relief is also sought.

B. PARTIES

1. The Plaintiff in this matter is Shannon Ashford at the following address: 22 New Holland Circle, Columbia, SC 29203.

2. The Defendant is Wells Fargo & Company, Wells Fargo Bank, N.A. Wells Fargo & Company, the parent entity, lists an incorporation in the state of Delaware and lists its address of principal executive offices as: 420 Montgomery Street, San Francisco, California 94104. Wells Fargo Bank, National Association (Wells Fargo or Defendant) is a subsidiary of Wells Fargo & Company. Wells Fargo Bank, N.A. is an entity with business operations in North Carolina, it is believed to have more than 500 employees, and is incorporated in one of the states of the United States. Wells Fargo Bank, N.A. has an active incorporation in the state of California, and lists its principal address as: 101 N. Phillips Avenue, Sioux Falls, SD 57104

1 | Page

## C. NATURE OF CASE

1. The address at which the Plaintiff was last employed by the Defendant is: One Wells Fargo/ 301 South College Street/ Charlotte, NC 28202. Prior to being moved to that building location, the Plaintiff was employed by the Defendant at the following address: Three Wells Fargo/ 301 South Tryon Street/ Charlotte, NC 28202.

2. The discriminatory acts occurred beginning about the year 2019 and continued and worsened throughout the Plaintiff's tenure with the Defendant.

3. The Plaintiff filed charges with the Equal Employment Opportunity Commission regarding the defendant's discriminatory conduct on or about: February 17, 2023

4. The Equal Employment Opportunity Commission sent the attached "Notice of Right to Sue" which the Plaintiff received on about: March 13, 2023.

5. The discriminatory acts that are the basis of this suit are: failure to promote the Plaintiff; termination of my employment; demotion; denial of equal pay/work; general harassment; and other acts against the Plaintiff, such as retaliation.

6. The Defendant's conduct is discriminatory with respect to: my race; color; and my participation in reporting discrimination in good faith, which is a protected activity under Title VII.

7. Yes, the Plaintiff does believe that the defendant is still committing these hostile discriminatory and retaliatory acts against her.

## D. CAUSE OF ACTION

**Background Facts**

I allege that the defendant and those the defendant employed have discriminated against me and that the following facts form the basis for my allegations:

1. The Plaintiff (African American) was employed with Wells Fargo from December 2018 until October 24, 2022 at locations in Charlotte, NC. Plaintiff began as a Strategy Consultant III on Wells Fargo's Business Process Management team, which over time became part of the Operations Transformation Team ("OTT"). The Plaintiff reported to Mr. Ernesto Salinas, VP, Business Initiatives Manager, in or around May 2019. The Plaintiff also reported to Ms. Jackie Hare, then-Head of Business Management Team, on the "COO Integration Project," beginning in October 2019. Plaintiff received consistent positive praise from both Mr. Salinas and from Ms. Hare, both of whom referred to the Plaintiff's contributions as invaluable. In February 2020, Plaintiff received a positive performance review and merit increase from Mr. Salinas.

2. Because Plaintiff had been working and receiving positive feedback for twelve months, she indicated an interest in being considered for promotional opportunities shortly thereafter. During this time, Ms. Hare created a new position and title for the COO Integration Project referred to as Senior Lead Consultant, who would report directly on the COO Integration Project. Despite Plaintiff's months of positive feedback, the Senior Lead Consultant position was not announced to the team, and instead it was filled by a Caucasian female, Ms. Shana DeOliveira. When Mr. Salinas and Ms. Hare became aware of Plaintiff's internal applications for promotional opportunities, they began providing documented coachings to The Plaintiff without any prior indication of poor performance.

3. In March 2020, the Plaintiff was presented with a coaching notice for "poor performance" on the COO Integration Project; this stood in stark contrast to the assurances by Ms. Hare she received in prior months that her work was invaluable. the Plaintiff was issued a second baseless coaching concerning issues with a vendor contract that the Plaintiff discovered had been subjected to fraud. Based on the two unwarranted disciplinary coachings, the Plaintiff submitted an internal complaint against Ms. Hare and Mr. Salinas, alleging discrimination, harassment, and detailing the fraudulent financial activity with regard to the underlying vendor contract of which others at the company were involved in. Some of the other of the Defendant's employees, in addition to Mr. Salinas and Ms. Hare, who participated in and were aware of the fraudulent vendor contract included: Sean C. Eddy, Caiti Lipe, Courtney Scheunemann, and Richard Rotella. None of the other individuals with knowledge of and/or participation in the fraudulent vendor activity ever received any disciplinary coachings or actions.

4. The Plaintiff is unaware of the results any formal investigation conducted by Human Resources in response to her allegation but did witness a transformation in management following her complaint. The Plaintiff began reporting to Ms. Mandy Coffey (Caucasian), Mr. Salinas was stripped of his Manager title, and both Mr. Salinas and Ms. Hare were placed on different projects. Prior to Ms. Hare's leaving, she announced to the team that she had hand-picked Ms. Coffey to take over her role as lead of the team. Notably, however, Plaintiff still reported indirectly to Ms. Hare through Ms. Coffey. Ms. Coffey reduced the Plaintiff effectively to part-time hours and required that she report all hours to Ms. Coffey directly; no other employee was expected to report their hours to Ms. Coffey in a similar manner. When Plaintiff questioned why she was not given specific assignments, Ms. Coffey claimed that other employees had more specific expertise or were already working on the matter.

5. In February 2021, Ms. Coffey gave The Plaintiff a negative performance review, leading to no salary increase and a reduction to The Plaintiff's bonus of an estimated 50-60%. As reasoning, Ms. Coffey cited to allegations that were disproved by The Plaintiff's April 2020 complaint submission. Ms. Coffey also advised The Plaintiff that the negative year end rating was due to information reported by Mr. Salinas and Ms. Hare, not Ms. Coffey's own observations, despite Ms. Coffey's knowledge of the complaints The Plaintiff previously lodged against Mr. Salinas and Ms. Hare.

6. By March 2021, a new position was created for Mr. Tim Able, a Caucasian male, by Ms. Coffey. The position was not posted internally and was not made available for application; rather, Mr. Able was appointed to that role directly. When The Plaintiff inquired about this position, she was told, "you don't get promotions, you apply for promotions." The Plaintiff again expressed frustration that this position was not made available for application as she was being directed and that Ms. Coffey's baseless negative performance review was negatively impacting her ability to be considered for other roles.

7. At this time, the Plaintiff was informed that she would transition to the team of Mr. James "Jim" Bonevac (Caucasian) and report to Ms. Jie Lin, despite Mr. Bonevac being an employee who was parallel to The Plaintiff in terms of company structure and organizational chart and all parties being on Mr. Sean Eddy's team.

8. In response to this move, The Plaintiff again filed an internal complaint in April 2021, alleging that her demotion and poor performance review were the result of retaliation. In response, Ms. Lin issued a positive midyear performance review for The Plaintiff in approximately June 2021. Ms. Lin similarly indicated that The Plaintiff met expectations at her January 2022 annual performance review.

9. In April 2022, Wells Fargo underwent a mass reduction-in-force ("RIF") that impacted several employees. The Plaintiff witnessed several Caucasian employees be placed into new positions or on new teams following their respective position eliminations despite there being no formal application process or consideration of expertise. No individual subject to that RIF was required to apply or re-apply for positions. Wells Fargo announced at this time that no further RIFs were anticipated.

10. In or around June or July 2022, Ms. Jennifer Pol accepted another role with Wells Fargo and her position was announced as open for hiring. The Plaintiff was informed that she would be leading a project in that role, referred to as "MRA Remediation." Two weeks later, however, The Plaintiff became aware that Mr. Joel Walker (Caucasian) was appointed to lead that project. The Plaintiff is substantially more qualified than Mr. Walker for the role and Mr. Walker himself expressed to The Plaintiff that he felt overwhelmed. The Plaintiff similarly was not able to apply for Ms. Pol's former role without reason.

11. On August 25, 2022, The Plaintiff was informed that she would be subjected to a RIF. Upon information and belief, The Plaintiff was the only employee on Mr. Eddy's team subjected to a RIF at this time. When The Plaintiff expressed that she felt the RIF was discriminatory and retaliatory, management scoffed and said they could not have retaliated since they gave her a review that "met" expectations. The Plaintiff was not encouraged to apply for other positions and did not hear back from Wells Fargo on any internal application she did submit by the time her notice period concluded October 24, 2022.

12. The Plaintiff filed a charge with the Equal Employment Opportunity Commission, alleging race-based discrimination and retaliation based on her termination. The Plaintiff has since received a Notice of Right to Sue from the Equal Employment Opportunity Commission. The Plaintiff's matter meets the elements of discrimination based on race and retaliation under Title VII and Section VII.

13. Following years of non-selections without reason despite superior qualifications to selectees, The Plaintiff was subjected to a pretextual "RIF" and not considered for other positions she had submitted applications for based on her previous complaints of race discrimination and retaliation. The deciding officials were aware of The Plaintiff's complaints and their comments about a "Meets Expectations" review effectively negating any claim of retaliation serve as discriminatory and retaliatory animus.

**Cause 1: Retaliation**

1. Plaintiff reported to her employer on several occasions that she was concerned there was discrimination (racial bias or disparate treatment on that basis), harassment, and retaliation. No actions were taken and both specific and general promotions and advancement opportunities that were denied her and given to lesser-qualified, white employees. The Plaintiff was never provided with the results of the internal complaints she submitted. The Plaintiff was subsequently terminated in retaliation for having submitted internal complaints regarding discrimination and retaliation, and ultimately for participating in a protected activity.
2. After her termination, the Plaintiff filed a charge of discrimination with the US EEOC. Such reports relating to her concern of discrimination and bias and disparate treatment as well as the EEOC charge the Plaintiff filed were made in good faith.
3. Plaintiff further subjectively believed that discrimination occurred against her in denial of bonuses, salary increases, and other pay; receipt of false performance evaluations; receipt of contrived disciplinary actions; being assigned useless work assignments; and failing to be promoted in both specific opportunities and general promotions.
4. Defendant terminated the Plaintiff because of her good faith complaints, inquiries, charges, grievances, and/or and claims. Such actions were protected activity under Title VII.

**Cause 2:** Discrimination Based on Race

1. The Plaintiff is an African American (Black American) and was employed by the Defendant.

2. The Plaintiff was treated by her manager/s in a disparate manner as opposed to similarly situated white employees. The Plaintiff notified her employer of such disparate treatment.

3. The Plaintiff was denied general and specific promotions and advancement opportunities, for which she was well qualified, without cause. The plaintiff was given disciplinary actions for offenses for which similarly situated white employees were not given discipline. The Plaintiff was denied salary increases and bonus compensation based on false claims against her, while white employees received bonuses in full and compensation increases. The Plaintiff was terminated without cause upon information and belief, in whole or in causative part because she was African American.

4. The adverse employment actions to which the Plaintiff was subjected have directly caused damages.

## E. INJURY

As a direct and related result of the termination and the Defendant's reckless, willful and intentional acts of discriminatory treatment, harassment, and retaliation, the Plaintiff has experienced severe emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, and increased medical expenses; as well as past, present and future loss of income, and other economic and non-economic damages which are direct and significant damages.

## F. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

The Plaintiff has not filed other lawsuits in state or federal court that deal with the same facts that are involved in this action.

The Plaintiff has previously sought informal or formal relief from the, U. S. Equal Employment Opportunity Commission (EEOC), the appropriate administrative officials regarding the acts complained of in the cause of action in this matter. Upon receiving notice of the Plaintiff's EEOC filing, the Defendant did not provide a position statement to the EEOC. The EEOC dismissed the charge from EEOC review process and issued a "Notice of Right to Sue."

The EEOC "Notice of Right to Sue" is included in Exhibit 1 attached to this matter.

## G. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

1. Backpay, with interest, from the time period of the first initiation of negative actions and negative job actions endured by the Plaintiff until the Plaintiff is restored to a rightful position with commensurate wages and benefits. Backpay, with interest, would include the first denials of bonuses, salary, pay increases, promotions, and incentives, and other monetary amounts; which also include, but are not limited to, annual employer contributions to 401K/retirement benefits missed, impacted, or impaired and loss of bonus amounts suffered due to the loss of bonus eligibility resulting from her termination and/or the timing of her termination.

2. Compensatory and punitive damages in an amount to be determined by a jury, but not less than $300,000 for Defendant's discriminatory conduct, race discrimination and retaliation, against her;

3. An award of all costs, to include, but not limited to, premiums and fees, incurred for health care coverage due to loss of employment, and an award of all estimated future healthcare costs until the Plaintiff is restored to a rightful position with commensurate wages and benefits.

4. Permanently stop the Defendant, their agents, officers and employees from engaging in all practices found by this Court to be in violation of any and all applicable discrimination and employment laws and regulations.

5. Compel the Defendant to provide a neutral reference to any of the Plaintiff's future employers or potential employers contacting the Defendant to inquire about the Plaintiff's work and/or employment with the Defendant.

6. Mandate the Defendant to permanently remove documents created by the Defendant and its actors from the Plaintiff's personnel, employment, and human resources files that were based in falsifications, negative portrayals and/or mischaracterizations of the Plaintiff and/or relevant occurrences/events, and other misconstruances, as described in the matters detailed in this action. Such documents to mandate removal include, but are not limited to, performance evaluations, risk profiles, warnings, supervisory notes, addendums, disciplinary actions, and/or corrective actions. Mandate the Defendant to provide the Plaintiff with an electronic copy of her personnel and employment file, as proof of removal of the impacted documents.

7. Mandate the Defendant to fully reinstate and credit the Plaintiff for all months and any partial months of seniority and job tenure the Plaintiff had accrued at the time of the end of her employment; if, the Plaintiff is ever re-employed with the Defendant or with any of its offices, parent, entities, and/or other subsidiaries at any point in the future.

8. Award all of the costs and disbursements of this action, including reasonable attorney's fees, court fees, and/or other filing fees, encountered in the course of this pursuing this action.

9. Award any other further relief as this Court may deem just and appropriate.

## JURY TRIAL REQUESTED

The Plaintiff requests a jury trial in this matter.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Executed at **US FEDERAL DISTRICT COURT Charlotte, NC** on **06/09/2023**.
(Location) (Date)

Signature