UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00344-FDW-SCR

| | |
|---|---|
| SHANNON ASHFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay Pending Completion of Arbitration Proceedings, (Doc. No. 9); Magistrate Judge Susan Rodriguez's Memorandum and Recommendation ("M&R"), (Doc. No. 16); and *Pro Se* Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation, (Doc. No. 17). For the reasons set forth below, the M&R is AFFIRMED.

I. BACKGROUND

On June 9, 2023, *Pro Se* Plaintiff Shannon Ashford filed this lawsuit against Defendant Wells Fargo Bank alleging violations of Title VII of the Civil Rights Act of 1964. (Doc. No. 1.) From December 2018 to October 2022, Plaintiff was employed by Defendant but was ultimately terminated as part of a reduction in force plan. (Doc. No. 1, p. 8.) Plaintiff alleges Defendant engaged in discriminatory acts against her based on her race and color. (Id.) Prior to filing this lawsuit, Plaintiff filed charges with the Equal Employment Opportunity Commission and received her "Notice of Right to Sue" on March 13, 2023. (Id.)

On September 21, 2023, Defendant filed a Motion to Compel Arbitration and Dismiss, or in the Alternative, Stay Pending Completion of Arbitration Proceedings ("Motion"). (Doc. No. 9.)

1

On March 14, 2024, the Magistrate Judge entered a M&R staying the case and ordering arbitration. (Doc. No. 16.) The Magistrate Judge also recommended the motion to dismiss be denied. (Id.) On April 2, 2024, Plaintiff objected to the M&R. (Doc. No. 17.)

## II. STANDARD OF REVIEW

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive pretrial matters. 28 U.S.C. § 636(b)(1). The Federal Magistrate Act provides a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which an objection is made. Id.; Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). By contrast, in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). "'Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.'" Morgan v. N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)); see also Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) ("[P]arties filing objections must specifically identify those findings objected to.") (quotation omitted). "Frivolous, conclusive or general objections need not be considered by the district court." Battle, 834 F.2d at 421 (quotation omitted).

A district court need not review issues that are beyond the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Thus, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply

summarizes what has been presented before, is not an 'objection' as that term is used in this context." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). General or conclusory objections result not only in the loss of *de novo* review by the district court but also in waiver of appellate review. Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003) (per curiam); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003) (per curiam). Upon careful review of the record, a district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Battle, 834 F.2d at 421.

### III. ANALYSIS

At the outset, the Court notes Plaintiff's Objections to the M&R appear to largely be the same as in her initial opposition to Defendant's Motion. Compare (Doc. No. 13) with (Doc. No. 17). In objecting to the Magistrate Judge's M&R, Plaintiff argues the Arbitration Agreement is unenforceable for two reasons: (1) Defendant has already admitted to wrongdoing making arbitration unnecessary and (2) the claims at issue are not arbitrable.

Plaintiff's argument that Defendant has "violated its own alleged Arbitration Agreement through is own actions, conduct, and by its admission" does not constitute a *specific* objection to the M&R. Rather, it merely summarizes Plaintiff's previously presented argument in opposition to Defendant's initial Motion. Therefore, the Magistrate Judge's conclusion finding against unconscionability as a valid defense to the Arbitration Agreement is reviewed for clear error. (Doc. No. 16, p. 8.) After conducting a careful review of the M&R, the Court finds no error in, summarily agrees with, and adopts those portions of the M&R to which no objection was raised and to this general objection. The Court now turns to Plaintiff's specific objection.

Plaintiff's argument that this case involves claims outside the scope of the Arbitration Agreement suggests the Magistrate Judge was incorrect in concluding Plaintiff failed to plead

3

claims related to Employee Retirement Income Security Act ("ERISA") and fraud in her Complaint. Specifically, the Magistrate Judge reviewed the Complaint and found "Plaintiff alleges unlawful discrimination, retaliation, and harassment based on her race and color." (Doc. No. 16, p. 9.) Even after liberally construing the Complaint in light of Plaintiff's *pro se* status, the Magistrate determined no claims related to ERISA or fraud were pled meaning "Plaintiff has failed to properly bring those claims before the Court." (Doc. No. 16, p. 10.)

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. "When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)).

Here, Plaintiff asserts she informed the Court "Defendant was engaged in 'ongoing' as well as 'other action'" in her Complaint. (Doc. No. 17, p. 3.) While the Complaint states Plaintiff received a "coaching notice for 'poor performance'" after "Plaintiff discovered [a vendor contract] had been subjected to fraud", there are no other facts detailing the alleged fraud. (Doc. No. 1, p. 9.) Now, Plaintiff contends it was the Court's responsibility to "instruct[] Plaintiff[] the degree to which to elaborate on 'ongoing'" as mentioned in her Complaint and the "alleged ERISA violations in which the Defendant was engaging against the Plaintiff were done as part of ongoing 'other actions'." (Id.) However, despite Plaintiff being *pro se*, it is well established the Court should not "assume the role of advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151

4

(quotation omitted). Under Federal Rule of Civil Procedure 15(a), at this stage of the proceeding a plaintiff must seek leave of court to amend her Complaint and cannot merely include additional factual allegations in a responsive pleading. Fed. R. Civ. P. 15(a). See Materson v. Stokes, 166 F.R.D. 368, 370 (E.D.Va.1996); Beck v. City of Durham, 129 F.Supp.2d 844, 855 (M.D.N.C. 2000) ("Additional factual allegations contained in a response brief are not considered on a motion to dismiss.") Therefore, despite liberally construing the Complaint, Plaintiff has failed to properly plead claims related to ERISA or fraud and only the claims related to race discrimination, retaliation, and harassment are properly before this Court.

Accordingly, upon *de novo* review, this Court finds this case involves claims entirely within the scope of the Arbitration Agreement. Thus, Plaintiff's objection to the M&R on this point is OVERRULED.

## IV.     CONCLUSION

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Memorandum and Recommendation, (Doc. No. 16), is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the Memorandum and Recommendation, (Doc. No. 17), are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay Pending Completion of Arbitration Proceedings, (Doc. No. 9), is **GRANTED IN PART** as to compelling arbitration and staying the case and **DENIED IN PART** as to the Motion to Dismiss. The parties shall submit their dispute to arbitration according to the terms of the Contract and shall file a status report within 90 days of this Order and each 90 days thereafter.

IT IS SO ORDERED.

Signed: April 23, 2024

Frank D. Whitney
United States District Judge